## HENRY HOUGHTALING *vs.* PETER HOUGHTALING.

In an action for trespass upon land by cutting grass thereon, the plaintiff, for the purpose of showing his possession of the premises, testified to his having put up the fence along the road, whenever it was taken down to drive through the lot. *Held*, that the putting up of the fence from time to time tended, if unexplained, to show possession on the part of the plaintiff; and that it was therefore competent for the defendant to show, by cross-examination, that the putting up of the fence was really an act done for him (the defendant) and at his request, and not as the owner or possessor of the soil.

Where the only evidence of actual possession on the part of the plaintiff was that he was in the habit of putting up the fence, whenever it was taken down to drive through the lot; and it was shown that he put no personal property on the lot, and kept none there, took nothing off the land, and had no actual use of it; *Held*, that he had not the actual possession of the premises, as against the defendant; and that in the absence of any evidence to show that he had the right of possession, he could not recover for a trespass upon the land.

APPEAL from a judgment of the county court of Onondaga county. The plaintiff sued the defendant in a justice's court, and complained that he had committed a trespass, by cutting down and carrying away grass from the plaintiff's premises. The defendant, in his answer, denied the trespass, and alleged that the premises upon which he cut the grass was his own land, and in his possession. The cause was tried, and the justice rendered a judgment for the plaintiff, for $15 damages and the costs of the suit. Upon appeal by the defendant to the county court, the judgment was affirmed, with costs; and the defendant appealed to this court. The facts are sufficiently stated in the opinion.

*Sedgwick, Andrews & Kennedy*, for the appellant.

*Gott & Garfield*, for the respondent.

*By the Court*, FOSTER, J. The evidence showed that the land in question was a part of the farm of the defendant, and that he was in possession of it until April, 1865. He then made an agreement in writing with one Romine Ostrom for the sale to him of the land in question. It did not appear what the price was to be, the times when the payments were to be made, when the deed was to be executed, or whether the purchaser was to have possession of the premises before the deed should be executed, or not. Afterwards, Ostrom went into possession; he built a small house on the place, and continued there until September, 1865, and then left. A few days before leaving the premises he assigned his contract to the plaintiff, who lived then, and continued to live, at some distance from the premises, and not adjoining thereto. No one lived on the place after Ostrom left it. The only evidence of actual possession on the part of the plaintiff was that he used to put the fence up when taken down to drive through the

lot in muddy weather. He put no personal property on the land, and he kept none there. He took nothing off, and had no actual use of it. He helped Ostrom to move from the place, and when he left he put up the bars.

When Ostrom left the premises, in the fall of 1865, the defendant had cattle and horses which were being pastured on the lot, and he had personal property there, and kept it there afterwards. He paid the taxes on the place for the year 1865, and the taxes for the year 1866 were assessed to him; and during the season of 1866 he picked up stone and piled them in heaps, set out thirty apple trees of grafted fruit on the land, and in July, 1866, cut the grass (for which this action was brought) and stored it in the house on the premises, except 100 to 200 pounds of it, which he removed from the place.

The plaintiff, for the purpose of showing his possession, testified to his putting up the road fence as above stated. On his cross-examination he was asked if the defendant ever gave him directions to put up the fences along the road; which question was objected to by the plaintiff's counsel, and the court excluded it.

In this the justice erred. The putting up the fences from time to time, if unexplained, tended to show possession on the part of the plaintiff, and it was certainly competent for the defendant to show, if he could, that the putting up the fence was really an act done for the defendant, and at his request or direction, and not as the owner or possessor of the land. It does not appear but that the fences were taken down by himself, and for the accommodation of his teams when passing along the road. At all events, the defendant was entitled to have the explanation.

Upon the foregoing evidence, the plaintiff had not such a possession as entitled him to recover. He certainly had not the *actual* possession, as against the defendant; and there was no evidence to show that he had the right of possession.

---

It does not appear that the contract gave Ostrom the right to the possession, and the only possession, or right of possession, which Ostrom transferred to him was the assignment which he made of such contract as he had.

I think the judgment of the county court, and the judgment rendered by the justice, should be reversed.

Judgment reversed, (all concurring.)

